UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FLUVIO FLETE-GARCIA,<br>　　　Petitioner,<br><br>　　　v.<br><br>J. NASH,<br>　　　Respondent. | Civil No. 3:23-cv-195 (OAW) |

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Fluvio Flete-Garcia has filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), seeking only injunctive relief. As injunctive relief cannot be awarded in a *Bivens* action and Petitioner submitted the filing fee for a habeas corpus action instead of the filing fee for a civil rights action, the court construes this complaint as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the failure of Bureau of Prisons ("the Bureau") to provide appropriate medical care. *See* ECF No. 7.

In response to the order to show cause, Respondent seeks the dismissal of the petition on the ground that Petitioner failed to properly exhaust his administrative remedies before commencing this action.

For the reasons that follow, Respondent's Motion to Dismiss is **GRANTED**.

1

I. **BACKGROUND**

Petitioner has been receiving medical treatment for an unidentified skin condition that causes "stains" on his arms and legs.  Central Office Administrative Remedy Appeal, Ex. A, ECF No. 1; Regional Administrative Remedy Appeal, Ex. B, ECF No. 1.  He alleges that the cream being provided to him at FCI Danbury is not effective and seeks the medications previously prescribed for him by a dermatologist while he was incarcerated at a different correctional facility.  *See* Compl. 3, 7, ECF No. 1.  In response to his administrative remedy, the warden noted that Petitioner's medical records contained no recommendations by a dermatologist, but the warden still ordered a trial prescription of the one medication Petitioner identified.  *See* Mem. of Law in Supp. of the Resp't Warden's Resp. to Show Cause Order and Mot. to Dismiss 1,3, ECF No. 11-1 [hereinafter "Mot. to Dismiss"]; Magnusson Decl. ¶¶ 8–9, ECF No. 11-2; Part B Form BP-229(13) Request for Administrative Remedy 3, ECF No. 11-4.

II. **STANDARD OF REVIEW**

"A court reviews a motion to dismiss a habeas petition according to the same principles as a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)(6)."  *Hines v. United States*, No. 3:22-cv-1622(SRU), 2023 WL 2346540, at *2 (D. Conn. Mar. 3, 2023).  When reviewing a motion to dismiss, the court may consider the complaint, documents attached to the complaint, documents incorporated by reference therein, documents relied on in bringing the action which were in the plaintiff's possession or of which the plaintiff had knowledge and matters of which judicial notice may be taken.

2

*See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002).[1]

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed pursuant to § 2241 may be used to challenge the execution of a prison sentence. Thus, § 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (noting the difference between execution of a sentence and the imposition of a sentence and ruling that execution of a sentence may be challenged pursuant to § 2241).

Before filing a habeas petition pursuant to § 2241, prisoners are required to exhaust internal grievance procedures. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). "Although § 2241 does not explicitly require exhaustion of administrative remedies, in [the U.S. Court of Appeals for the Second Circuit], exhaustion of administrative remedies is generally a prerequisite to habeas corpus relief under § 2241." *Tashbrook v. Petrucci*, No. 20-cv-5318(KMK)(PED), 2022 WL 884974, at *5 (S.D.N.Y. Mar. 25, 2022) (citations and internal quotation marks omitted). The burden of demonstrating that administrative remedies have been exhausted rests on the petitioner. *See Cardoza v. Pullen*, No. 3:22-cv-00591(SVN), 2022 WL 3212408, at *5 (D. Conn. Aug. 9, 2022).

---

[1] Here, the court considers Petitioner's administrative remedy forms, as he attached some of them to his petition and had them in his possession when filing this action.

### III. DISCUSSION

In his Response and Motion to Dismiss, Respondent argues that the petition should be dismissed because Petitioner failed to properly exhaust his administrative remedies. Though informed of his obligation to respond, Petitioner has not filed any opposition to Respondent's motion. *See* ECF. No. 14.

The Bureau of Prisons ("BOP") has a four-step process for inmates to exhaust administrative remedies: 1) informal resolution, 2) initial filing with the Warden, and 3) two levels of appeals, first to the Regional Director and then to the Central Office. *See* 28 C.F.R. §§ 542.13–15. An administrative appeal is not considered fully exhausted until it has received a ruling by the General Counsel's Office of the BOP Central Office in Washington D.C. *See* 28 C.F.R. § 542.15; *South v. Licon-Vitale*, No. 3:19-cv-1763(VLB), 2020 WL 3064320, at *1, 7 (D. Conn. June 9, 2020).

In order to file an appeal to the Central Office, the prisoner is required to submit appeals to the Regional Director and Central Office on specific forms, and to attach a complete copy of the request and response from the previous levels. *See* 28 C.F.R. § 542.15(b)(1). If the inmate does not comply with this requirement, their appeal may be rejected and returned to them. *See* 28 C.F.R. § 542.17(a).

"Failure to exhaust administrative remedies results in a procedural default, which bars judicial review unless the petitioner persuades the Court that the failure to exhaust should be excused." *Rosenthal v. Killian*, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) (citing *Carmona*, 243 F.3d at 634). Exhaustion may be excused "only if the prisoner comes forward with evidence of cause for his dereliction and consequent prejudice, and

4

only then if cause-and-prejudice evidence outweighs the interests in judicial economy and accuracy behind the administrative exhaustion requirement." *Goodall v. von Blanckensee*, No. 17 Civ. 3615(KMK)(JCM), 2019 WL 8165002, at *4 (S.D.N.Y. July 19, 2019) (citations and internal quotations omitted).

Petitioner appealed the Warden's denial of his administrative remedy to the Northeast Regional Office. *See* Magnusson Decl. ¶ 10, ECF No. 11-2. The appeal was rejected because Petitioner failed to include a copy of his institutional request and the Warden's response. *Id.* Although Petitioner was invited to resubmit his appeal with the required documents, he did not do so. *See id.* ¶¶ 10–11. Instead, he filed an appeal to the Central Office, again without submitting the required documents. *See id.* ¶ 11. As expected, the appeal was rejected for failure to include the documents. *Id.* While Petitioner once more was invited to resubmit the appeal with the required documents, he did not do so. *Id.*; Rejection Notice, Ex. A, ECF No. 1-1. Thus, it cannot be said that he properly has exhausted his administrative remedies.

Petitioner offers no explanation for his failure to resubmit the appeals with the required copies, and he fails to demonstrate cause for his failure to exhaust administrative remedies. Accordingly, the petition must be dismissed.

### IV.   CONCLUSION

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. Respondent's Motion to Dismiss, ECF No. 11, is **GRANTED.** Any appeal of this order would not be taken in good faith.

5

2. Respondent's Motion to Seal Exhibit C which contains Petitioner's medical record, ECF No. 13, is **GRANTED.**

3. Petitioner's Motion for Status of Case, ECF No. 17, is **DENIED as moot.**

4. The court also notes that, separate from the instant action, Petitioner has filed a document entitled Notification to the Court, ECF No. 16, in which he requests the court's assistance in obtaining transcripts unrelated to the issues in this case. The Clerk previously has informed Petitioner that the court cannot assist him. Petitioner now asks the court to forward his request to the U.S. Marshal Service in Massachusetts or to any department that may be able to process his request. The court acts as an impartial arbiter to decide matters before it, and cannot act as Petitioner's advocate or assist him in obtaining materials needed for another case. *See, e.g.*, *Robinson v. Arnone*, No. 3:12cv1323(JBA), 2013 WL 4782127, at *2 (D. Conn. Sept. 5, 2013). As Petitioner concedes that he previously was instructed not to file any documents in this case that are unrelated to the issues in his petition, Petitioner's motion at ECF No. 16 is **DENIED.**

The Clerk of Court respectfully is asked to please close this case.

**IT IS SO ORDERED** in Hartford, Connecticut, this 1st day of December, 2023.

_____/s/_____
Omar A. Williams
United States District Judge

6